1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11

| | | |
|---|---|---|
| GERALD A. BENSON, | ) | 1:11-cv-1321 GSA |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| Defendants. | ) ) | (Doc. 1) |

12
13
14
15
16
17
18

**I.    Introduction**

Plaintiff Gerald E. Benson,  ("Plaintiff") filed the instant action on August 11, 2011. (Doc. 1). Plaintiff also filed an application to proceed in forma pauperis on that same date. Plaintiff's application to proceed informa pauperis was granted on August 18, 2011.  (Doc. 3).

Plaintiff appears to be challenging a denial of his social security benefits.  As discussed below, Plaintiff's complaint will be dismissed because it fails to state a claim.  However, Plaintiff is granted leave to file an amended complaint.

///

///

19
20
21
22
23
24
25
26
27
28

1

1   **II.**    **Discussion**

2       A.    <u>Screening Standard</u>

3       Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

4   complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

5   if the court determines that the action is legally "frivolous or malicious," fails to state a claim

6   upon which relief may be granted, or seeks monetary relief from a defendant who is immune

7   from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

8   a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

9   cured by amendment.

10      A complaint must contain "a short and plain statement of the claim showing that the

11  pleader is entitled to relief . . . ." *Fed. R. Civ. P.* 8(a)(2).  Detailed factual allegations are not

12  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

13  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

14  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

15  must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

16  face.'" *Ashcroft* v. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual

17  allegations are accepted as true, legal conclusion are not. *Id.*

18      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

19  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

20  support of the claim or claims that would entitle him to relief.  See *Hishon v. King & Spalding*,

21  467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Palmer v.*

22  *Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23  complaint under this standard, the Court must accept as true the allegations of the complaint in

24  question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the

25  pro se pleadings liberally in the light most favorable to the *Plaintiff, Resnick v. Hayes*, 213 F.3d

26  443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*,

27

28                                               2

1    395 U.S. 411, 421 (1969).

2    B.    Plaintiff's Allegations

3            Plaintiff filed for Social Security benefits in 2006.  He is challenging the denial of that

4    application. In support of his claim, Plaintiff details his health problems and work history for the

5    past thirteen years.  Plaintiff alleges that he suffers from Chronic Obstructive Pulmonary Disease

6    ("COPD"), congestive heart failure, asthma, chronic back problems, osteoarthritis, degenerative

7    joint disease, diabetes, obesity, sleep apnea, and blindness in his right eye.  He contends he is no

8    longer able to work as a result of these conditions.  Although the complaint does not identify the

9    relief Plaintiff is seeking, the Court presumes he is attempting to obtain Social Security benefits.

10   C.    Analysis of Plaintiff's Claims

11           1.    *Rule 8(a)*

12           As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim."

13   The rule expresses the principle of notice-pleading, whereby the pleader need only give the

14   opposing party fair notice of a claim.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Rule 8(a)

15   does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial,

16   but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and

17   the grounds upon which it rests."  *Id.* at 47.  As noted above, detailed factual allegations are not

18   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

19   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (2009).

20           In this instance, it is clear that Plaintiff believes that his health conditions prevent him

21   form working.   However, other than stating that his Social Security application was wrongly

22   decided and outlining his ailments, Plaintiff has failed to identify with specificity how the

23   Commissioner of Social Security erred when denying his application.  Moreover, Plaintiff must

24   clearly identify the relief he is seeking.  Finally, as explained in more detail below, on the face of

25   the complaint it appears that Plaintiff's appeal was not timely filed and that he may not have

26   exhausted his administrative remedies.

27

28                                                         3

2.      *Exhaustion of Administrative Remedies and Untimely Complaint*

An individual must exhaust administrative remedies in order to challenge the denial of

social security benefits.  Once a denial of benefits is received, a claimant must file for

reconsideration of that decision with the Social Security Administration. 20 C.F.R. § 904.909.  If

an adverse decision is rendered, an individual may request that an administrative law judge

("ALJ") hold a hearing.  20 C.F.R. § 404.929.  If the ALJ issues an adverse decision, an appeal

may be filed with the Appeals Council.  Any appeal must be filed within sixty days of the ALJ's

decision. 20 C.F. R. § 404.968.

Judicial review of the Appeals Council and other Social Security decisions is governed by

Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security
> made after a hearing to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action commenced
> within sixty days after the mailing to him of notice of such decision or within such
> further time as the Commissioner of Social Security may allow.

> (h) The findings and decision of the Commissioner after a hearing shall be binding
> upon all individuals who were parties to such hearing. No findings of facts or
> decision of the Commissioner shall be reviewed by any person, tribunal, or
> governmental agency except as herein provided. No action against the United
> States, the Commissioner, or any officer or employee thereof shall be brought
> under section 1331 or 1346 of Title 28 to recover on any claim arising under this
> subchapter.

42 U.S.C. § 405(g).

Section 405(g) and (h) therefore operates as a statute of limitations setting the time period

in which a claimant may appeal a final decision of the Commissioner.  *Bowen v. City of New*

*York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987).   As the

time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the

waiver of sovereign immunity, it must be strictly construed.  *Bowen*, 476 U.S. at 479; *see, e.g.,*

*Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of

Commissioner for untimely filing of one day).  Therefore, in order to seek judicial review of a

denial of Social Security benefits, an individual must have followed the appeals process outlined

4

above including filing a complaint in the United States District Court within sixty days of

receiving an adverse determination from the Appeals Council.  In this instance, it is unclear

whether Plaintiff ever sought reconsideration of the denial of his application, whether he appeared

before an ALJ,. or whether he filed an appeal with the Appeals Council. Plaintiff shall clearly

indicate the dates that any appeals were filed, as well the dates any adverse decisions were

rendered in the amended complaint.

### 3.    *Equitable Tolling*

In certain rare instances, the sixty day statute of limitations can be excused.  For example,

Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner

pursuant to Title 20 of the Code of Federal Regulations sections 404.911 and 416.1411, or by a

Court applying traditional equitable tolling principles in cases where the equities in favor of

tolling the limitations period are so great that deference to the agency's judgment is inappropriate.

*Bowen*, 476 U.S. at 479-82.  The Eighth Circuit, in *Turner v. Bowen*, explained that "[g]enerally,

equitable circumstances that might toll a limitation period involve conduct (by someone other

than the claimant) that is misleading or fraudulent."  *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir.

1988).  In *Bowen v. City of New York*, the court applied equitable tolling because plaintiffs were

prevented from filing because of "the Government's secretive conduct." *Bowen*, 476 U.S. at 481.

Likewise, in *Vernon v. Heckler*, the court reasoned that equitable tolling was appropriate because

the plaintiff had allegedly been told by an employee of the Social Security Administration that the

deadline would be extended.  *Vernon*, 811 F.2d at 1275.  In contrast however, in *Turner v. Bowen*,

862 F.2d 708 (8th Cir. 1988), the court did not find equitable tolling applicable because the

plaintiff was not "unusually disadvantaged in protecting his own interests" despite his being

illiterate and unrepresented when he received the letter from the Appeals Council denying his

benefits and informing him of his right to file a civil action.  *Turner*, 862 F.2d at 709.

Plaintiff is advised that if he did not file this complaint within the sixty day period after

receiving an adverse decision from the Appeals Council, he would need to establish facts similar

1   to those outlined in the cases above in order to establish equitable tolling.

2       **4.      *Leave to Amend Complaint***

3           Although Plaintiff's complaint contains deficiencies as outlined above, the court will

4   allow Plaintiff an opportunity to amend the complaint.  If Plaintiff chooses to file a First Amended

5   Complaint, it should bear the docket number assigned in this case and be labeled "First Amended

6   Complaint."  If Plaintiff decides to file an amended complaint, he is reminded that an amended

7   complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th

8   Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself

9   without reference to the prior or superceded pleading." Local Rule 220.  Plaintiff is warned that

10  "[a]ll causes of action alleged in an original complaint which are not alleged in an amended

11  complaint are waived."  *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d

12  811, 814 (9th Cir. 1981)); accord *Forsyth*, 114 F.3d at 1474.

13          Finally, Plaintiff shall consider the standards set forth in this order and only file an

14  amended complaint if he believes his claim is cognizable. The amended complaint shall be filed

15  no later than **September 23, 2011**.  **Failure to file an amended complaint by the date specified**

16  **will result in dismissal of this action.**

25      IT IS SO ORDERED.

26  **Dated:    August 22, 2011**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

28                                      6